FILED

JUN 5 2002

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.
MONTGOMERY, ALA.

RECEIVED

2002 JUN -5  A 10: 3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JAMES D. HARDY,                          *
                                         *
        Plaintiff,                       *
                                         *
v.                                       *     CIVIL ACTION NO. 02-M-648-E
                                         *
API OUTDOORS, INC.; and                  *
LARRY C. SMITH and PEGGY J.              *
SMITH, d/b/a LARRY'S GENERAL             *
MERCHANDISE AND GROCERY,                 *
                                         *
        Defendants.                      *

## NOTICE OF REMOVAL

        COMES NOW the Defendant, API Outdoors, Inc., and files this Notice of
Removal to the United States District Court for the Middle District of Alabama, Eastern
Division, on the following grounds:

        1.      API Outdoors, Inc., is a defendant in a civil action filed in the Circuit
Court of Tallapoosa County, Alabama, Case # CV-01-213, on or about December 27,
2001. Plaintiff filed his First Amended Complaint on or about April 26, 2002, correctly
identifying Larry C. Smith and Peggy J. Smith, d/b/a Larry's General Merchandise and
Grocery. Plaintiff filed his Second Amended Complaint on or about April 30, 2002,
correctly identifying API Outdoors, Inc.[1]

        2.      This Notice of Removal is filed in the United States District Court for the
Middle District of Alabama, Eastern Division, within thirty days of receipt, through

---

[1]     Plaintiff filed a Third Amended Complaint on or about May 15, 2002, purporting to add an
additional party Defendant, Outland Sports, Inc. This purported Third Amended Complaint is the subject
of a pending Motion to Strike based upon Plaintiff's failure to file for leave to amend and for lack of notice
and service to Outland Sport, Inc. Outland Sport, Inc., is a Missouri corporation, and, consequently, even if
added as a party Defendant, its citizenship would not defeat diversity jurisdiction for purposes of this
removal.

service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b). The Defendant took Plaintiff's deposition on May 10, 2002, during which Defendant ascertained facts demonstrating the removability of this case. This Notice of Removal is filed within thirty days of Plaintiff's deposition and within one year of the Plaintiff's commencement of the action, pursuant to 28 U.S.C. § 1446(b). The documents attached hereto as Exhibit "A" constitute all of the process, pleadings and court orders served upon Defendant in this action to date.

3.    The Complaint seeks damages against Defendant pursuant to the Alabama Extended Manufacturers' Liability Doctrine ("AEMLD") asserting the product manufactured, a climbing tree stand, was defective and proximately caused injury to the Plaintiff. Regarding the same product, Plaintiff also seeks damages for negligence, wantonness and breach of implied warranty.

4.    Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Middle District of Alabama, Eastern Division, is the district and division within which the above-described state court proceeding is pending.

5.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 since this action is between citizens of different states and the amount in controversy exceeds $75,000.

6.    Plaintiff is a resident citizen of the state of Alabama.

7.    Defendant API Outdoors, Inc. is and has been since the inception of this lawsuit a corporation incorporated under the laws of Louisiana with its principal place of business in Tallulah, Louisiana.

8.    Defendants Larry C. Smith and Peggy J. Smith, d/b/a Larry's General Merchandise and Grocery, are resident citizens of the state of Alabama. The citizenship of both of these individual defendants, however, should be disregarded for the purposes of determining jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) on the

grounds of fraudulent joinder in that: (1) there is no possibility Plaintiff will be able to establish liability against these individual Defendants under the allegations of the Complaint; and (2) both Larry C. Smith and Peggy J. Smith have been joined as Defendants solely for the purpose of defeating diversity jurisdiction. Mask v Chrysler Corp., 825 F.Supp. 285 (N.D. Ala. 1993); Lane v Champion Int'l Corp., 827 F.Supp. 701 (S.D. Ala. 1993); Coker v Amoco Oil Co., 708 F.2d 1433 (11th Cir. 1983).

9.     A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant with no real connection with the controversy." Wilson v Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). This is appropriate because "the Federal courts [will] not sanction devices intended to prevent a removal to a Federal court when one has the right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." Wecker v National Enameling & Stamping Co., 204 U.S. 176, 186 (1907). In referring to diversity cases, 28 U.S.C. § 1441(b)'s language directs the court to align the citizenship of the parties **properly joined**. If a party is improperly added, the court should disregard that joinder for purposes of removal. Thus, an action may be removable if it is shown that a non-diverse defendant was fraudulently joined.[2]

10.     Plaintiff has fraudulently joined the resident individual Defendants Larry C. Smith and Peggy J. Smith, d/b/a, Larry's General Merchandise and Grocery, in this matter as there is no possibility whatsoever that Plaintiff can recover against either of them for the causes of action stated in the Complaint under Alabama law. The only specific allegation against these individual Defendants is a claim that they sold the product at issue to Plaintiff in a defective condition and breached an implied warranty in so doing. Plaintiff has provided no supporting facts for his claim in his deposition and

---

[2]     The term "fraudulent joinder" does not "require a showing of fraud in the conventional sense; it in no way reflects on the integrity of Plaintiffs or Plaintiffs' counsel." American Dredging Co. v Atlantic Sea Co. Ltd., 637 F.Supp. 179, 183 (D.N.J. 1986).

cannot allege any facts to establish that these individuals are liable under any of the plead causes of action.

11.     Plaintiff's Complaint alleges that he was hunting with an API climbing tree stand when the tree stand broke, causing him to fall to the ground. Plaintiff alleges Defendants Larry C. Smith and Peggy J. Smith, d/b/a Larry's General Merchandise and Grocery, negligently and/or wantonly sold the climbing tree stand to him, and, in so doing, breached an implied warranty that the climbing tree stand was reasonably fit and suitable for the purposes for which it was intended to be used. In addition, Plaintiff asserts a claim against Defendants Larry C. Smith and Peggy J. Smith, d/b/a Larry's General Merchandise and Grocery, under the AEMLD as the seller of the tree stand.

12.     In his deposition, Plaintiff testified he obtained the API climbing tree stand at issue from Larry's in August of 1998. Hardy Depo., p. 41; 146-147. [Pertinent pages to the Deposition of Plaintiff, James Hardy, are attached hereto as Exhibit "B"]. Plaintiff talked to Larry Smith about the API stand. Hardy Depo., p. 42. He did not talk to Peggy Smith at all. Hardy Depo., p. 42-43. Plaintiff remembers going inside Larry's and seeing the API stand he saw at a Buckmasters hunting exhibition a few days earlier. He had won a Big Shot Buck Shot tree stand at the Buckmasters exhibition and, when he was in Larry's looking for something else, saw the API tree stand. Hardy Depo., p. 40; 41; 43.

13.     Plaintiff decided, for various reasons of his own, that the API stand was the stand he wanted and that he would like it better than the Big Shot Buck Shot stand. Hardy Depo., p. 37-38; 40; 41; 43; 45; 55; 124; 148. He did not intend to use the Big Shot Buck Shot stand. Hardy Depo., p. 40; 41; 43. He had already seen the API tree stand at the Buckmasters exhibition and he compared it to other stands there. Hardy Depo., p. 38; 45-46; 147. He had also seen the stand previously in hunting catalogs. Hardy Depo., p. 50-51. The API stand was displayed with other stands at Larry's. Hardy Depo., p. 39.

14.     Plaintiff and Larry discussed a trade of the two stands. Hardy Depo., p. 43. Plaintiff left his tree stand with Larry to be appraised. Hardy Depo., p. 43-44. When Plaintiff returned, he discovered his tree stand was not as expensive as the API tree stand. Hardy Depo., p. 44. Plaintiff and Larry worked out a deal for the trade plus cash. Hardy Depo., p. 44.

15.     Plaintiff claims he traded the stand he received at the hunting exhibition, which was in a sealed box, for the floor model API stand which was already put together and on display at Larry's. Hardy Depo., p. 46-47; 71; 143. He did not ask for any of the materials that would have come with a boxed up stand. Hardy Depo., p. 47. He claims he was not given any materials with the stand other than no-slip strips to be added to the bars on the tree stand. Hardy Depo., p. 140-141. At the time he got the stand from Larry's he claims he did not know the tree stands come with instructional material. Hardy Depo., p. 48. He did not return to Larry's at a later date to request those materials. Hardy Depo., p. 48.

16.     Based upon the foregoing facts, there is no evidence presented to state a claim against Peggy Smith, as she did not participate in the sale of the product to Plaintiff. Nor is there any evidence presented to state a claim against Larry Smith. It is undisputed that the climbing tree stand was sold to Plaintiff in substantially the same condition as when it left the manufacturer. Thus, Larry Smith cannot be held liable under the AEMLD. See Consolidated Pipe & Supply Co. v Stockham Valves & Fittings, Inc., 365 So.2d 968 (Ala. 1978); Atkins v American Motors Corp., 335 So.2d 134, 143 (Ala. 1976) (defendant not liable where it is in the business of distributing or processing for distribution finished products, received the product in a defective condition, did not contribute to the defective condition and had neither knowledge of the defect nor an opportunity to inspect the product which was superior to the knowledge or opportunity of the consumer).

17.     Moreover, neither Peggy Smith nor Larry Smith can be held liable under a breach of implied warranty theory of liability as that purported cause of action does not state a claim upon which relief may be granted in Alabama.  Alabama law does not recognize a personal injury claim for breach of warranty arising out of a defective or unsafe product.  Yarbrough v Sears, Roebuck and Co., 628 So.2d 478, 483 (Ala. 1993); Shell v Union Oil Co., 489 So.2d 569, 571 (Ala. 1986).  Such claims must be asserted in tort, such as under the AEMLD, not under warranty theories.  Yarbrough, 628 So.2d at 483; Shell, 489 So.2d at 571.  Plaintiff's claim here is that the climbing tree stand was dangerously defective and unsafe and therefore not reasonably fit and suitable for its intended purpose.  Complaint, ¶19.  As Plaintiff's proposed breach of warranty claim obviously arises out of an allegedly defective and unsafe product, Plaintiff cannot maintain a cause of action for that claim.

18.     Larry Smith additionally cannot be held liable for negligently or wantonly selling the tree stand to Plaintiff, for the same reasons as described above.  Additionally, Larry made no representations regarding the tree stand.  Instead, as Plaintiff's deposition testimony revealed, Plaintiff is the one who selected this tree stand after his own comparison of the same prior to even stepping inside the Smiths' store.

19.     Further, any failure to provide Plaintiff the tree stand in a sealed box with instructions is immaterial given the Plaintiff's prior experience.  The Plaintiff is 24 years old and has hunted since he was old enough to walk.  Hardy Depo., p. 7; 11.  He obtained his first official hunting license as soon as he could – when he was 16 years old.  Hardy Depo., p. 11.  He has hunted for at least 10 years where he was in charge of the weapon and bagging an animal.  Hardy Depo., p. 13.  During deer season, the Plaintiff would hunt approximately 80 or 90 times during a particular season, which lasts from October 15 to January 31 each year.  Hardy Depo., p. 15.  On 80% of those occasions, the Plaintiff would hunt from a tree stand.  Hardy Depo., p. 17.  He has bagged about 25 deer.  Hardy

Depo., p. 29. Hardy hunted from the particular tree from which he fell approximately six times before the accident. Hardy Depo., p. 86.

20.    Moreover, the Plaintiff has about five or six years' experience using a climbing tree stand. Hardy Depo., p. 54. Prior to the accident, Plaintiff used a Summit tree stand, an Old Man tree stand, and the API Grand Slam tree stand at issue. Hardy Depo., p. 25. He only used the Old Man stand once or twice, but he used the Summit tree stand about 50 times prior to getting the API tree stand. Hardy Depo., p. 25; 31-32. Overall, given his experience, he had climbed up and down a tree in a climbing tree stand approximately 400 to 500 times. Hardy Depo., p. 54. Inclusion of instructional material with the API climbing tree stand, assuming all facts in Plaintiff's favor, would not have affected Plaintiff's use of the tree stand.

21.    Thus, Plaintiff cannot maintain a cause of action against Larry C. Smith or Peggy J. Smith for negligent and/or wanton sale of the tree stand, for implied breach of warranty regarding the sale of the tree stand, under the AEMLD, or for any other claim connected to the sale of the subject tree stand. Their joinder to this action was therefore fraudulent in that Plaintiff obviously named them solely to defeat this Court's jurisdiction. Jernigan v Ashland Oil, 989 F.2d 812, 815 (5th Cir. 1993) (to prove fraudulent joinder, a defendant must show either "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts"), *cert. denied*, 510 U.S. 868 (1993).

22.    In this case, Peggy Smith had no contact with Plaintiff and made no representations to or took any affirmative action toward Plaintiff in connection with the sale of the tree stand. Larry Smith, although he did have contact with Plaintiff, made no representations to Plaintiff regarding the tree stand, and took no affirmative action toward Plaintiff in connection with the sale of the tree stand other than to provide Plaintiff with the tree stand he wanted. Given the testimony of Plaintiff himself, it is abundantly clear

that Plaintiff joined the Smiths as defendants in this case for only one purpose – to defeat this Court's jurisdiction.   To allow a Plaintiff to circumvent and defeat federal jurisdiction in this fraudulent manner would violate API's constitutional right to a federal forum in this case under Article III of the U.S. Constitution.

23.      Discounting the fraudulent joinder of Larry C. Smith and Peggy J. Smith, d/b/a, Larry's General Merchandise and Grocery, complete diversity exists between Plaintiff, a citizen of Alabama, and the remaining defendant, API Outdoors, Inc., a Louisiana corporation with a principal place of business in Louisiana, pursuant to 28 U.S. C. § 1332, thereby making this case removable under 28 U.S.C. § 1441 and 28 U.S.C. § 1446(b).   The controversy between the parties can be fully determined in this case.   No change in citizenship of the parties to this action has occurred since the commencement of this suit.

24.      Plaintiff makes no specific demand in his complaint but does make a claim for compensatory damages, substantial physical injuries, pain and suffering, medical expenses, future economic damages, future medical bills, mental anguish and punitive damages. See Ad Damnum Clause, ¶ 25, Complaint.   In particular, the Complaint states Plaintiff suffered the following injuries:

> He suffered serious damage to his body; his spinal cord was injured, and he is now paralyzed from the waist down; he was caused to incur medical and hospital bills, ambulance bills, and will continue to incur medical expenses in the future and he was caused to miss time from work.

See Ad Damnun Clause, ¶ 25, Complaint.   Remover reasonably believes and avers that the amount in controversy in the above entitled action, exclusive of interest and costs, will exceed the jurisdictional amount of $75,000 set forth in 28 U.S.C. § 1332 and incorporated in 28 U.S.C. § 1441(a) which allows removal of state court suits.   See Bolling v Union Nat'l. Life Ins. Co., 900 F.Supp. 400 (M.D. Ala. 1995); Gilmer v Walt Disney Co., 915 F.Supp. 1001 (W.D. Ark. 1996); Vertuccio v Ecolab, Inc., 1997 WL

150812 (Va. Cir. Ct 1997); Weiler v Chevron Chemical Co., 1995 WL 691342 (San Fransisco Sup. Ct., Calif.).

25.   Based upon the allegations of wrongdoing in the Complaint, and the fact that Plaintiff is seeking punitive damages in addition to the substantial compensatory damages alleged, it is "facially apparent" that the jurisdictional amount has been met. Allen v R&H Oil and Gas Company, 63 F.3d 1326 (5th Cir. 1995).   More specifically stated, if "[a] court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than $50,000 ... [then] the face of the complaint supports the assertion of federal jurisdiction." Id. at 1336.   The Fifth and Eleventh Circuit agree that punitive damages must be considered in determining whether the jurisdictional amount has been met for removal purposes, unless it is apparent to a legal certainty that such damages cannot be recovered. Allen, 63 F.3d at 1326; Holley Equipment Co. v Credit Alliance Corp., 821 F.2d 1531 (11th Cir. 1987).

26.   No further proceedings have been filed in the Circuit Court of Tallapoosa County, Alabama.

27.   This Notice of Removal is being filed in accordance with 28 U.S.C. § 1446.

28.   A true copy of this Notice of Removal has been filed with the clerk of the Circuit Court of Tallapoosa County, Alabama, as required by 28 U.S.C. § 1446(d).

29.   As fraudulently joined defendants, Larry C. Smith and Peggy J. Smith, d/b/a Larry's General Merchandise and Grocery, have not filed a joinder to this Notice of Removal. Stuckey v Illinois Central Railroad Co., 1996 WL 407247 (N.D. Miss. 1996).

WHEREFORE, Defendant, API Outdoors, Inc., prays the above state court action now pending in the Circuit Court of Tallapoosa County, Alabama, be removed to this Court.

Dated this ___4___ day of _June_, 2002.

Respectfully submitted,

JANNEA S. ROGERS (ROGEJ7403)
Attorney for Defendant,
API Outdoors, Inc.


OF COUNSEL:

ADAMS AND REESE LLP
P.O. Box 1348
Mobile, Alabama 36633
(251) 433-3234


## CERTIFICATE OF SERVICE

I hereby certify that I have on this date served a copy of the foregoing pleading upon all counsel of record in this cause by placing a copy of same in the United States mail, first class postage pre-paid, properly addressed as follows on this the _____ day of _____, 2002:

Ernest C. Hornsby, Sr., Esq.
Larry W. Morris, Esq.
Nancy L. Eady, Esq.
Morris, Haynes & Hornsby
Post Office Box 1660
Alexander City, Alabama 35001-1660

Scears Barnes, Esq.
Barnes & Radney, P.C.
P.O. Drawer 877
Alexander City, Alabama 35011-0877

JANNEA S. ROGERS

## IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA

JAMES D. HARDY,                          *
    PLAINTIFF,                       *
                               *

v.                                       *    CV-01-213

API OUTDOORS, a division                 *
of OUTLAND SPORTS, INC.,                 *
a corporation;                           *
LARRY'S GENERAL MERCHANDISE              *
& GROCERY, a sole proprietorship,        *
No. 1, whether singular or plural,       *
that certain person or persons, entity or *
entities, who or which was responsible for *
the design, manufacture, distribution or *
sale of the tree stand involved in the   *
incident made the basis of this suit;    *
No. 2, whether singular or plural, that  *
certain person or persons, entity or     *
entities, who or which was responsible for *
the design, manufacture, distribution or *
sale of any component of the tree        *
stand that was being used at the         *
time of the accident made the basis of   *
this suit;  No. 3, whether singular      *
or plural, that certain person or persons, *
entity or entities other than those entities *
described above whose negligence,        *
wantonness or other conduct contributed to *
cause the occurrence made the basis of this *
lawsuit;  No. 4, whether singular        *
or plural, that person or those persons, *
that entity or those entities other than *
those entities described above which is the *
successor in interest of any of those    *
entities described above; No. 5, whether *
singular or plural, that person or those *
persons, that entity or those entities other *
than those entities described above which *
is the predecessor in interest of any of *
those entities described above.  Plaintiff *

DEC 2001
RECEIVED
FRANK LUCAS
CIRCUIT CLERK

EXHIBIT

A

avers that the identities of the fictitious
party defendants herein are otherwise
unknown to the Plaintiff at this time or,
if their names are known to the
Plaintiff, their identities as proper party
defendants are not known to the Plaintiff
at this time, and their true names will be
submitted by amendment when ascertained.
    DEFENDANTS.

*
*
*
*
*
*
*
*
*

## COMPLAINT

### PARTIES AND VENUE

1.      The Plaintiff, James D. Hardy, is an adult resident citizen of Alexander City on the west side of the Tallapoosa River in Tallapoosa County, Alabama.

2.      The Defendant, API Outdoors is a division of Outland Sports, Inc., ("API") which is a foreign corporation by virtue of its having its principal place of business in Louisiana. The Defendant, API, was doing business by agent in Tallapoosa County, Alabama on the 31st day of October, 2001.  The Defendant, API, is in the business of designing, manufacturing, distributing and selling tree stands, including the Grand Slam "Superstar" Climbing Treestand owned by the Plaintiff.  The Defendant, API, designed, manufactured, distributed and/or sold the Grand Slam "Superstar" Climbing Treestand, made the subject of the instant suit.

3.      The Defendant, Larry's General Merchandise and Grocery, is upon information and belief a domestic sole proprietorship with its principal place of business at 3121 Hillabee Road in Alexander City, Alabama on the west side of the Tallapoosa River and is owned by a resident citizen of Tallapoosa County, Alabama.

4.    Fictitious parties defendant No. 1, whether singular or plural, is that certain person or persons, entity or entities, who or which was responsible for the design, manufacture, distribution or sale of the tree stand involved in the accident made the basis of this suit. Fictitious parties defendant No. 2, whether singular or plural, is that certain person or persons, entity or entities, who or which was responsible for the design, manufacture, distribution or sale of any component of the tree stand that was being used at the time of the accident made the basis of this suit. Fictitious parties defendant No. 3, whether singular or plural, is that certain person or persons, entity or entities other than those entities described above whose negligence, wantonness or other conduct contributed to cause the occurrence made the basis of this lawsuit. Fictitious parties Defendant No. 4, whether singular or plural, is that person or those persons, that entity or those entities other than those entities described above which is the successor in interest of any of those entities described above. Fictitious parties defendant No. 5, whether singular or plural, is that person or those persons, that entity or those entities other than those entities described above which is the predecessor in interest of any of those entities described above.  Plaintiff avers that the identities of the fictitious party defendants herein are otherwise unknown to the Plaintiff at this time or, if their names are known to the Plaintiff, their identities as proper party defendants are not known to the Plaintiff at this time, and their true names will be submitted by amendment when ascertained.

## VENUE

5.    This case is brought in the Tallapoosa County Circuit Court of the state of Alabama pursuant to § 6-3-7(a)(1), Code of Alabama (Amd. 1999).

## STATEMENT OF FACTS

6.     Plaintiff reavers and realleges all of the preceding allegations in this complaint as if set out in full herein.

7.     On or about October 31, 2001, James D. Hardy was hunting in Coosa County, Alabama. While hunting on that day, he needed to use the Grand Slam "Super Star" Climbing Tree Stand which he had purchased about a year and a half before in 2000. James Hardy had used this tree stand many times before, and in fact had used it at least six times during the week preceding October 31, 2001. James D. Hardy began to climb up the tree.  When he was about 25 feet up the tree, the chain pin on the main frame bar either broke or came out of the tree stand, which caused him to fall backwards. After he fell backwards, the middle pop rivet which attached the foot climber webbing to the bottom free also broke. As a result of the tree stand breaking, James D. Hardy fell to the ground and suffered the following injuries:

He suffered serious damage to his body; his spinal cord was injured, and he is now paralyzed from the waist down; he was caused to incur medical and hospital bills, ambulance bills, and will continue to incur medical expenses in the future and he was caused to miss time from work.

The Grand Slam Super Start Climbing Tree Stand was defective in that it had a faulty main frame bar and chain pin, as well as a faulty design of its foot climber.

The injuries to James D. Hardy set forth above were proximately caused by the defects in the Grand Slam Super Start Climbing Tree Stand.

## COUNT ONE: NEGLIGENCE AND/OR WANTONNESS OF THE DEFENDANT, API

8.     The plaintiff realleges and adopts the preceding paragraphs of this complaint

as if set out in full herein.

9.    The defendant API and fictitious parties defendant 1, 2, 3, 4 and 5 negligently and/or wantonly designed, manufactured, sold, imported and/or distributed the climbing tree stand used in the occurrence made the basis of this suit, and said negligent or wanton conduct was a proximate cause of the following injuries to James D. Hardy:

> He suffered serious damage to his body; his spinal cord was injured, and he is now paralyzed from the waist down; he was caused to incur medical and hospital bills, ambulance bills, and will continue to incur medical expenses in the future and he was caused to miss time from work.

WHEREFORE, the plaintiff demands judgement against the defendant API and fictitious parties defendant No. 1, 2, 3, 4 and 5 for compensatory and punitive damages in a sum to be established by the jury and the costs of this proceeding.

## COUNT TWO:
## BREACH OF WARRANTY BY API

10.    The plaintiff realleges and adopts the preceding paragraphs of this Complaint as if set forth in their entirety.

11.    The defendant API and fictitious parties defendant 1, 2, 3, 4 and 5 set forth in the caption of the complaint impliedly warranted that the climbing tree stand which caused the injuries to James D. Hardy was reasonably fit and suitable for the purposes for which it was intended to be used.  The plaintiff avers that the defendant breached said implied warranties in that the tree stand was not fit for the ordinary and expected purposes for which such climbing tree stands are intended to be used, but to the contrary said climbing tree stand was in a dangerously defective and unsafe condition.  The plaintiff further avers that as a

proximate result of the aforesaid breach of warranties, James D. Hardy suffered the following

injuries:

> He suffered serious damage to his body; his spinal cord was injured, and he is
> now paralyzed from the waist down; he was caused to incur medical and
> hospital bills, ambulance bills, and will continue to incur medical expenses in
> the future and he was caused to miss time from work.

WHEREFORE, the plaintiff demands judgement against the defendant API and

fictitious parties defendant No. 1, 2, 3, 4 and 5 for compensatory and punitive damages in a

sum to be established by the jury and the costs of this proceeding.

## COUNT THREE: LIABILITY UNDER THE ALABAMA EXTENDED MANUFACTURERS' LIABILITY DOCTRINE OF THE DEFENDANT, API

12.     Plaintiff adopts by reference the preceding paragraphs of this Complaint as if

set forth in their entirety.

13.     At the time of the accident made the basis of this suit and for a substantial

period of time prior thereto, the defendant API and fictitious parties defendant No. 1, 2, 3, 4

and 5 were engaged in the business of designing, manufacturing, selling, and/or distributing

climbing tree stands such as the climbing tree stand used in the incident made the basis of this

suit. These tree stands were to be distributed throughout the United States, including the State

of Alabama for use by certain members of the general public. Said defendants for valuable

consideration designed, manufactured, sold and/or distributed the tree stands which caused

the injuries to James D. Hardy.

14.     At the time of the incident made the basis of this suit, the climbing tree stand

designed, manufactured, distributed and/or sold by the defendant API and fictitious parties

defendant No. 1, 2, 3, 4 and 5 which was in substantially the same condition as when manufactured, sold, and/or distributed, was being used in an intended and foreseeable manner. The climbing tree stand was not reasonably safe when being used in a foreseeable manner, but, to the contrary, was defective, unreasonably dangerous and did not meet the reasonable expectations of an ordinary consumer as to its safety in the faulty main frame bar and chain pin and the faulty design of the foot climber in order to prevent personal injury or death to a person using the climbing tree stand for its intended purpose and also was designed in an unsafe manner even though a safer, practical, alternative design was available to the defendants at the time the tree stand was made. Said defendants knew or should have known that said climbing tree stand was unreasonably dangerous when being used in a foreseeable manner.

15.    The foregoing wrongful conduct of defendant API and fictitious parties defendant 1, 2, 3, 4 and 5 was a proximate cause of the injuries to James D. Hardy and renders said defendants liable to the plaintiff pursuant to the Alabama Extended Manufacturers Liability Doctrine. As a proximate result of the aforesaid wrongful conduct, James D. Hardy suffered the following injuries:

He suffered serious damage to his body; his spinal cord was injured, and he is now paralyzed from the waist down; he was caused to incur medical and hospital bills, ambulance bills, and will continue to incur medical expenses in the future and he was caused to miss time from work.

WHEREFORE, the plaintiff demands judgement against the defendant API and fictitious parties defendant No. 1, 2, 3, 4 and 5 in a sum to be established by the jury and the costs of this proceeding.

## COUNT FOUR: NEGLIGENCE AND/OR WANTONNESS OF THE DEFENDANT, LARRY'S GENERAL MERCHANDISE & GROCERY

16.    The plaintiff realleges and adopts the preceding paragraphs of this complaint as if set out in full herein.

17.    The defendant Larry's General Merchandise & Grocery and fictitious parties defendant 1, 2, 3, 4 and 5 negligently and/or wantonly sold and imported the climbing tree stand which caused the injuries to James D. Hardy and said negligent or wanton conduct was a proximate cause of the injuries to James D. Hardy.

WHEREFORE, the plaintiff demands judgement against the defendant Larry's General Merchandise & Grocery and fictitious parties defendant No. 1, 2, 3, 4 and 5 for compensatory and punitive damages in a sum to be established by the jury and the costs of this proceeding.

## COUNT FIVE:
## BREACH OF WARRANTY BY LARRY'S GENERAL MERCHANDISE & GROCERY

18.    The plaintiff realleges and adopts the preceding paragraphs of this Complaint as if set forth in their entirety.

19.    The defendant Larry's General Merchandise & Grocery and fictitious parties defendant 1, 2, 3, 4 and 5 set forth in the caption of the complaint impliedly warranted that the climbing tree stand which caused the injuries to James D. Hardy was reasonably fit and suitable for the purposes for which it was intended to be used. The plaintiff avers that the defendant breached said implied warranties in that the climbing tree stand was not fit for the ordinary and expected purposes for which such climbing tree stands are intended to be used, but to the contrary said tree stand was in a dangerously defective and unsafe condition. The

plaintiff further avers that as a proximate result of the aforesaid breach of warranties, James

D. Hardy suffered the following injuries: .

      He suffered serious damage to his body; his spinal cord was injured, and he is
now paralyzed from the waist down; he was caused to incur medical and
hospital bills, ambulance bills, and will continue to incur medical expenses in
the future and he was caused to miss time from work.

      WHEREFORE, the plaintiff demands judgement against the defendant Larry's General

Merchandise & Grocery and fictitious parties defendant No. 1, 2, 3, 4 and 5 for compensatory

and punitive damages in a sum to be established by the jury and the costs of this proceeding.

### COUNT SIX: LIABILITY UNDER THE ALABAMA EXTENDED MANUFACTURERS' LIABILITY DOCTRINE OF THE DEFENDANT LARRY'S GENERAL MERCHANDISE AND GROCERY

      20.    Plaintiff adopts by reference the preceding paragraphs of this Complaint as if

set forth in their entirety.

      21.    At the time of the accident made the basis of this suit and for a substantial

period of time prior thereto, the defendant Larry's General Merchandise and Grocery and

fictitious parties defendant No. 1, 2, 3, 4 and 5 were engaged in the business of selling

climbing tree stands such as the climbing tree stand involved in the incident made the basis

of this suit. These tree stands were to be distributed throughout the United States, including

the State of Alabama for use by certain members of the general public. Said defendant for

valuable consideration sold the tree stand which caused the injuries to James D. Hardy.

      22.    At the time of the incident made the basis of this suit, the climbing tree stand

sold by the defendant Larry's General Merchandise and Grocery and fictitious parties

defendant No. 1, 2, 3, 4 and 5 which was in substantially the same condition as when

manufactured, sold, and/or distributed, was being used in an intended and foreseeable manner.

The climbing tree stand was not reasonably safe when being used in a foreseeable manner,

but, to the contrary, was defective, unreasonably dangerous and did not meet the reasonable

expectations of an ordinary consumer as to its safety in the faulty main frame bar and chain

pin and the faulty design of the foot climber in order to prevent personal injury or death to a

person using the climbing tree stand for its intended purpose and also was designed in an

unsafe manner even though a safer, practical, alternative design was available to the

... ... ... ... should have known

manufactured, sold, and/or distributed, was being used in an intended and foreseeable manner. The climbing tree stand was not reasonably safe when being used in a foreseeable manner, but, to the contrary, was defective, unreasonably dangerous and did not meet the reasonable expectations of an ordinary consumer as to its safety in the faulty main frame bar and chain pin and the faulty design of the foot climber in order to prevent personal injury or death to a person using the climbing tree stand for its intended purpose and also was designed in an unsafe manner even though a safer, practical, alternative design was available to the defendants at the time the tree stand was made. Said defendant knew or should have known that said climbing tree stand was unreasonably dangerous when being used in a foreseeable manner.

23.    The foregoing wrongful conduct of defendant Larry's General Merchandise and Grocery and fictitious parties defendant 1, 2, 3, 4 and 5 was a proximate cause of the injuries to James D. Hardy and renders said defendant liable to the plaintiff pursuant to the Alabama Extended Manufacturers Liability Doctrine. As a proximate result of the aforesaid wrongful conduct, James D. Hardy suffered the following injuries:

> He suffered serious damage to his body; his spinal cord was injured, and he is now paralyzed from the waist down; he was caused to incur medical and hospital bills, ambulance bills, and will continue to incur medical expenses in the future and he was caused to miss time from work.

> WHEREFORE, the plaintiff demands judgement against the defendant Larry's General Merchandise & Grocery and fictitious parties defendant No. 1, 2, 3, 4 and 5 in a sum to be established by the jury and the costs of this proceeding.

# AD DAMNUM CLAUSE

24.  The plaintiff realleges and adopts the preceding paragraphs of this Complaint as if set out in full herein.

25.  The plaintiff alleges that the conduct of the defendants API OUTDOORS, a division of OUTLAND SPORTS, INC., and/or LARRY'S GENERAL MERCHANDISE & GROCERY and of the fictitious parties defendant 1, 2, 3, 4 and 5 as set forth in the caption of this complaint combined and concurred to cause the injuries to James D. Hardy. As a proximate consequence of the negligence, wanton conduct, liability under the Alabama Extended Manufacturers Liability Doctrine, breach of warranty, and other wrongful conduct of the defendants, API OUTDOORS, a division of OUTLAND SPORTS, INC., and/or LARRY'S GENERAL MERCHANDISE & GROCERY and of the fictitious parties defendant 1, 2, 3, 4, 5, 6 and 7 as set forth in the caption of this complaint, James D. Hardy suffered the following injuries:

> He suffered serious damage to his body; his spinal cord was injured, and he is now paralyzed from the waist down; he was caused to incur medical and hospital bills, ambulance bills, and will continue to incur medical expenses in the future and he was caused to miss time from work.

> WHEREFORE, the plaintiff demands judgement for compensatory damages, including but not limited to damages for pain and suffering, medical expenses, future economic damages, future medical bills and mental anguish, and punitive damages against each of the named and fictitious defendants separately and severally in an amount to be determined by the jury that is mete and proper.

Done on this the 27th day of December, 2001.

MORRIS, HAYNES & HORNSBY

_(signature)_

Larry W. Morris, MOR007
Attorney for Plaintiff

_(signature)_

Nancy L. Eady, EAD004
Attorney for Plaintiff

Post Office Box 1660
Alexander City, Alabama 35011-1660
(256) 329-2000

## JURY DEMAND

Plaintiff demands a trial by struck jury on all causes of action in the above complaint.

_(signature)_

Of Counsel

# EXHIBITS
# NOT   SCANNED